FRAZER v. NEW ORLEANS PUBLIC SERVICE INC.

---

(Jan. 17, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Damages—Par. 104.**
Where plaintiff in a physical injury suit shows that his heel was hurt by reason of a heavy rail being pushed

against or lowered upon it, necessitating his using crutches for several weeks and causing him a loss of $204.00 in earnings and an expense of $50.00 for a doctor's bill, but no bones were broken, and no permanent injury resulted, an award of $500.00 is considered sufficient.

(Civil Code, Article 2315. Editor's note.)

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Walter M. Frazer against New Orleans Public Service Inc.

There was judgment for plaintiff and defendant appealed.

A. B. Booth, J. O. Chamberlain, of New Orleans, attorneys for plaintiff, appellee.

Judgment amended and affirmed.

Benj. W. Kernan, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit for damages due to physical injuries sustained by plaintiff under circumstances alleged to involve the responsibility of the local street railway. A jury awarded plaintiff $1000.00 and the defendant has appealed.

Plaintiff's version of the accident is as follows:

"On February 7, 1922, at the corner of Howard Avenue, on the footpath provided at that point for pedestrians, in the direction of Rampart Street, through the act of defendant's employees or servants in negligently and carelessly dropping on plaintiff's foot, a heavy steel rail being moved by said employees or servants over said footpath or walk after plaintiff had completely crossed said rail and was walking away from it."

Defendant pleads contributory negligence, and avers that plaintiff "saw the men moving the rail, and, as it was being lifted up and let down in the process of putting under it a roller, stepped over the rail and scraped his left heel as the rail was being let down".

The evidence preponderates in plaintiff's favor and we find that after plaintiff had crossed the rail he was injured by reason of the end of the rail being swung around toward him and dropped or lowered on his heel. One of plaintiff's employees in charge of the movement of the rail which was very heavy (2000 lbs.) directed pedestrian traffic over the rail and, plaintiff in following such direction crossed the rail and was injured. If the rail was moving when plaintiff crossed, as defendant contends, the fault is nevertheless with defendant, because its employee directed plaintiff to cross, or in any event did not warn plaintiff against crossing. If, as plaintiff insists, he crossed when the rail was stationary and was struck after getting over the rail by a lateral movement of the rail the responsibility of defendant is the more evident. Besides defendant's theory is most improbable. Plaintiff could not have been injured in the manner proven in the record by simply scraping his heel on the rail.

Dr. Cohn, plaintiff's physician, testified that he advised the use of, and plaintiff that he used, crutches for nearly a month, during which time he was unable to work. However, no bones were broken, no sprain and no permanent injury has resulted. Plaintiff lost $204.00 in salary as a postal clerk and paid a doctor bill of $50.00. Under the circumstances we think $500.00 sufficient award. The judgment appealed from will, for the reasons assigned, be reduced to $500.00 and as thus amended it will be affirmed, defendant to pay all costs.

Judgment amended and affirmed.